Eric J. Bakewell (SBN 241529)
 EBakewell@willkie.com
Benita S. Yu (SBN 329195)
 BYu@willkie.com
Sam R. Santopoalo (SBN 334919)
 SSantopoalo@willkie.com
Emily Horak (SBN 340115)
 EHorak@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 855-3000
Facsimile: (310) 855-3099

*Attorneys for Defendant Intervet Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JERRY AVILES, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>   v.<br><br>INTERVET INC.<br><br>             Defendant. | Case No. 2:23-cv-10825-RGK-BFM<br><br>Assigned to Hon. R. Gary Klausner<br><br>**DEFENDANT INTERVET INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR: (1) LACK OF PERSONAL JURISDICTION; AND (2) FAILURE TO STATE A CLAIM**<br><br>[*Filed concurrently with Request for Judicial Notice; and [Proposed] Order*]<br><br>Hearing:<br>Date:       March 25, 2024<br>Time:       9:00 a.m.<br>Courtroom: 850<br><br>Complaint served: November 28, 2023<br>Action removed:   December 27, 2023 |

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

71179548

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at 9:00 a.m. on March 25, 2024, or as soon thereafter as this matter may be heard, in the courtroom of the Honorable R. Gary Klausner of the United States District Court for the Central District of California, in Courtroom No. 850, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, Defendant Intervet Inc. ("Intervet") will and hereby does move the Court for an Order dismissing Plaintiff Jerry Aviles's Complaint with prejudice for: (1) lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2); and (2) failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 13, 2024.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice,[1] the Proposed Order, the pleadings and records on file in this action, and such other evidence and argument as the Court may allow in connection with the hearing on this Motion.

Dated:    February 23, 2024          **WILLKIE FARR & GALLAGHER LLP**

By:    */s/ Eric J. Bakewell*
Eric J. Bakewell

*Attorneys for Defendant*
*Intervet Inc.*

---

[1] The Court may consider judicially noticed facts submitted in support of a motion to dismiss. *See Mullis v. U.S. Bankr. Ct. Dist. Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (ruling Court may consider judicially noticeable facts in support of a motion to dismiss). Courts may take judicial notice of a fact that "is not subject to reasonable dispute" because the fact is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice of the documents and facts contained in Intervet's concurrently filed request for judicial notice is proper as explained in Intervet's request. *See, e.g., Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1060 (C.D. Cal. 2023) (taking judicial notice in support of motion to dismiss of "virtually identical lawsuits" filed by Aviles's counsel).

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

# **<u>TABLE OF CONTENTS</u>**

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF RELEVANT FACTS AND ALLEGATIONS ........................... 2

    Aviles Brings A CIPA Claim Against Non-California Defendant Intervet Relating To Intervet's Pet Reunification Website (HomeAgain.com) ............ 2

    Aviles And His Counsel File Numerous Similar Copy-And-Paste Complaints Against Other Defendants ................................................................................. 3

ARGUMENT ......................................................................................................... 4

I.    AVILES FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH PERSONAL JURISDICTION OVER INTERVET ........................................... 5

    A.    The Court Lacks General Jurisdiction Over Intervet ............................ 5

    B.    The Court Lacks Specific Jurisdiction Over Intervet ......................... 6

II.    AVILES FAILS TO STATE ANY CLAIM AGAINST INTERVET ............. 9

    A.    Aviles's Generic, Copy-And-Paste Allegations Do Not State A Claim 10

        1.    Aviles's Copy-And-Paste Complaint Violates The *Twombly*/*Iqbal* Pleading Standard ............................................... 10

        2.    Aviles Does Not Plead That Intervet Uses A Pen Register ....... 12

    B.    Aviles, A "Tester" Plaintiff, Does Not Allege He Was Harmed By The Alleged Conduct .......................................................................... 13

    C.    Aviles Fails To State A Claim For Punitive Damages ........................ 14

    D.    The Southern District Of California's *Greenley* Ruling Does Not Support Aviles's Invented Cause Of Action Against Intervet .............. 16

CONCLUSION ...................................................................................................... 17

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

71179548

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)....................................................................................*passim*

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)....................................................................................*passim*

*Bouncing Angels, Inc. v. Burlington Ins. Co.*
2017 WL 1294004 (C.D. Cal. March 20, 2017).........................................15

*Briskin v. Shopify, Inc.*
87 F.4th 404 (9th Cir. 2023) ..........................................................................8

*Burger King Corp. v. Rudzewicz*
471 U.S. 462 (1985)........................................................................................9

*Byars v. Hot Topic, Inc.*
656 F. Supp. 3d 1051 (C.D. Cal. 2023) .........................................11, 14, 16

*Cybersell, Inc. v. Cybersell, Inc.*
130 F.3d 414 (9th Cir. 1997) ..........................................................................8

*Daghaly v. Bloomingdales.com, LLC*
— F. Supp. 3d —, 2023 WL 6538382 (S.D. Cal. Oct. 6, 2023) .................9

*Daimler AG v. Bauman*
571 U.S. 117 (2014).....................................................................................5, 6

*DFSB Kollective Co. v. Bourne*
897 F. Supp. 2d 871 (N.D. Cal. 2012)............................................................8

*Diaz v. Bank of Am. Home Loan Serv., L.P.*
2011 WL 13046844 (C.D. Cal. July 8, 2011) .....................................15, 16

*Facebook, Inc. v. Pedersen*
868 F. Supp. 2d 953 (N.D. Cal. 2012)............................................................9

*Fed. Trade Comm'n v. Kochava, Inc.*
— F. Supp. 3d —, 2023 WL 3249809 (D. Idaho May 4, 2023) ................16

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

ii

*Gonzales v. CarMax Auto Superstores, LLC*
   840 F.3d 644 (9th Cir. 2016) ................................................................. 14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
   564 U.S. 915 (2011) ........................................................................... 5

*Graham v. Noom, Inc.*
   533 F. Supp. 3d 823 (N.D. Cal. 2021) ..................................................... 7

*Greenley v. Kochava, Inc.*
   — F. Supp. 3d —, 2023 WL 4833466 (S.D. Cal. July 27, 2023) ................. 1, 16, 17

*Licea v. Caraway Home Inc.*
   655 F. Supp. 3d 954 (C.D. Cal. 2023) ............................................. *passim*

*Martinez v. Aero Caribbean*
   764 F.3d 1062 (9th Cir. 2014) ................................................................. 6

*Massie v. Gen. Motors Co.*
   2021 WL 2142728 (E.D. Cal. May 26, 2021) ........................................... 8

*Mavrix Photo, Inc. v. Brand Techs., Inc.*
   647 F.3d 1218 (9th Cir. 2011) ................................................................. 6

*McCalip v. TED Confs., LLC*
   690 F. App'x 944 (9th Cir. 2017) ........................................................... 15

*Moss v. U.S. Secret Serv.*
   572 F.3d 962 (9th Cir. 2009) ................................................................. 12

*Panavision Int'l, L.P. v. Toeppen*
   141 F.3d 1316 (9th Cir. 1998) ................................................................. 6

*Pebble Beach Co. v. Caddy*
   453 F.3d 1151 (9th Cir. 2006) ................................................................. 8

*Saleh v. Nike, Inc.*
   562 F. Supp. 3d 503 (C.D. Cal. 2021) .................................................... 14

*Schwarzenegger v. Fred Martin Motor Co.*
   374 F.3d 797 (9th Cir. 2004) ......................................................... 5, 6, 8

*Sher v. Johnson*
   911 F.2d 1357 (9th Cir. 1990) ................................................................. 5

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

iii

*Starr v. Baca*
  652 F.3d 1202 (9th Cir. 2011) ................................................................ 11

*Valenzuela v. Keurig Green Mountain, Inc.*
  — F. Supp. 3d —, 2023 WL 3707181 (N.D. Cal. May 24, 2023) .................... 11

**Statutes**

Cal. Pen. Code § 637.2 ..................................................... 13, 14, 15

Cal. Pen. Code § 638.50 ....................................................... 12, 13

Cal. Pen. Code § 638.51 ....................................................... 12, 13

**Other Authorities**

Fed. R. Civ. P. 8 ...................................................................... 10

Fed. R. Civ. P. 12 ................................................................... 5, 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Tester Plaintiff Jerry Aviles asserts a generic California Invasion of Privacy Act ("CIPA") claim against out-of-state Defendant Intervet, Inc. ("Intervet") relating to Intervet's website HomeAgain.com.  The Complaint contains no factual allegations about Intervet's conduct and instead relies on general propositions unrelated to Intervet.  Accordingly, Aviles's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6) because Aviles fails to allege facts sufficient to establish personal jurisdiction over Intervet and fails to state a claim under the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Aviles brings a single cause of action under California Penal Code Section 638.51 for purported deployment of a pen register on the HomeAgain.com website. However, the Complaint does not contain plausible factual allegations to substantiate Aviles's accusations.  For example, the Complaint does not identify what software Aviles believes Intervet is using in violation in CIPA.  The Complaint does not allege the unidentified software meets the elements to constitute a pen register.  And, the Complaint does not allege any facts about *Intervet's* specific conduct.

Aviles relies on an inapposite July 2023 motion to dismiss ruling from the United States District Court for the Southern District of California to invent a CIPA claim against Intervet.  *See Greenley v. Kochava, Inc.*, — F. Supp. 3d —, 2023 WL 4833466 (S.D. Cal. July 27, 2023).  *Greenley* involved a data broker: (1) using software to intercept location data; and (2) selling the intercepted data (including data about users' visits to sensitive locations).  *See id.* at *1.  In contrast, Intervet and HomeAgain.com are not (and are not alleged to be) data brokers and instead help reunite pet owners with their lost furry friends.  The out-of-district *Greenley* ruling Aviles clings to does not change his insufficient allegations even if that ruling was binding (it is not), factually similar (it is not), or correctly applied by Aviles (it is not).

Aviles's Complaint should be dismissed for at least two reasons:

*First*, Aviles fails to show the Court has personal jurisdiction over Intervet. Aviles does not sufficiently allege there is general jurisdiction over Delaware-incorporated Intervet with a principal place of business in New Jersey. Aviles also does not sufficiently allege there is specific jurisdiction given the lack of any allegations that Intervet's purported pen register targeted California.

*Second*, Aviles fails to state a claim. Aviles's Complaint is one of over 80 copy-and-paste complaints filed by Aviles's counsel within the past three months to extort unsuspecting companies. Aviles fails to allege: (1) any conduct by Intervet; or (2) facts sufficient to establish the CIPA elements or any right to punitive damages.

Aviles's Complaint does not allege facts sufficient for a CIPA claim against Intervet to proceed in this Court. The allegations do not establish personal jurisdiction. The rote recitation of CIPA's statutory language without alleging any conduct by Intervet does not state a claim or any plausible theory of liability as required by *Iqbal* and *Twombly*. Accordingly, the Complaint should be dismissed.

## STATEMENT OF RELEVANT FACTS AND ALLEGATIONS

### Aviles Brings A CIPA Claim Against Non-California Defendant Intervet Relating To Intervet's Pet Reunification Website (HomeAgain.com)

On November 17, 2023, Aviles filed a class action complaint against Intervet in Los Angeles Superior Court in which Aviles alleges Intervet violated California Penal Code Section 638.51 through its HomeAgain.com website. *See generally* Compl., ECF No. 1-1. Aviles admits he is a "tester" plaintiff who sought out HomeAgain.com to conjure a CIPA claim. *See id.* at ¶ 4. Intervet removed the action on December 27, 2023. *See* Notice of Removal, ECF No. 1.

Aviles's Complaint contains generic allegations having nothing to do with Intervet. For example, the Complaint:

- Mentions Intervet only in the caption and Paragraph 5, Compl. ¶ 5;
- Includes three boilerplate paragraphs about jurisdiction, *id.* at ¶¶ 1-3;

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

- Alleges Aviles visited HomeAgain.com "in 2023" without providing any details about that visit, *id.* at 2:2-7;

- Discusses a right to privacy without alleging Intervet violated that right, *id.* at ¶¶ 6-8;

- Claims "identity resolution" violates CIPA without any allegations about Intervet engaging in "identity resolution," *id.* at ¶¶ 9-14;

- Does not identify what code or software constitutes the purported pen register, *id.* at ¶ 16;

- Quotes the "pen register" statute but does not allege the unidentified code or software meets that definition, *id.* at ¶ 24; and

- Recites CIPA's elements without alleging specific conduct by Intervet, *id.* at ¶¶ 24-29.

Aviles does not allege Intervet targeted any purported pen register at him or at other Californians. *See generally* Compl. And, Intervet: (1) is incorporated in Delaware, *see* Compl. at 1:14-15; and (2) maintains its principal place of business in New Jersey, *see* Corporate Disclosure Statement 1:9-12, ECF No. 3.

### Aviles And His Counsel File Numerous Similar Copy-And-Paste Complaints Against Other Defendants

Aviles filed at least five other cases since March 2023 as a "tester" plaintiff. *See* Req. for Judicial Notice, Exs. 2-6 ("RJN"). Four cases bring the same claim Aviles brought against Intervet. *See* RJN, Exs. 2-5 (showing Aviles brought similar claims in Los Angeles Superior Court against Brenntag North America, Inc. (Case No. 23STCV31527), Belk, Inc. (Case No. 23STCV31529), Colourpop Cosmetics, LLC (Case No. 24STCV02899), and Alivecor, Inc. (Case No. 24STCV03764). Aviles brought another case under the Consumer Legal Remedies Act on the basis he allegedly used a testosterone booster supplement that falsely claimed it would boost his "strength, stamina, energy, vitality, and male libido." *See id.*, Ex. 6 (alleging in an action captioned *Aviles v. Kingfisher Media, LLC* (Orange County Superior Court No.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

30-2023-0131366-CU-MT-CXC) that the Court has personal jurisdiction over a male supplement company because "Plaintiff believes that Defendant generates a minimum of eight percent of its national website sales to Californians").

Aviles's counsel (Pacific Trial Attorneys APC) filed at least 80 complaints against other defendants containing similar CIPA pen register claims under California Penal Code Section 638.51. *See, e.g.*, RJN, Exs. 7-10, ¶¶ 11-90. These template complaints are brought by "tester" plaintiffs and the actual defendants only appear on the caption page. *Compare* RJN, Exs. 7-10, *with* Compl. The copy-and-paste nature of the complaints extends to the jurisdiction and damages allegations. For example, other complaints filed by Aviles's counsel include the same allegations as the Intervet Complaint that: (1) the Court has personal jurisdiction because "Plaintiff believes that Defendant generates a minimum of eight percent of revenues from its website based upon interactions with Californians," *compare* RJN, Ex. 7 ¶ 2, *with* Compl. ¶ 2; and (2) "Plaintiff suffered both an economic injury and an intangible injury to Plaintiff's dignity caused by the violation of Plaintiff's right to privacy," *compare* RJN, Ex. 7 ¶ 26, *with* Compl. ¶ 26.

The copy-and-paste nature of complaints like Aviles's garnered attention from another judge in this district. On February 9, 2023, Judge Bernal issued a published decision dismissing a CIPA case brought by Aviles's counsel and observed "the central dynamic in this litigation, underscoring all of the deficiencies in the Complaint" is "Plaintiff, and his counsel, . . . are serial litigants bringing numerous 'cookie cutter' lawsuits under CIPA against various businesses that operate websites." *Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 964 (C.D. Cal. 2023).

## ARGUMENT

Aviles's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6) given its fatal deficiencies. Aviles's allegations do not establish personal jurisdiction over Intervet – a Delaware corporation with a New Jersey principal place of business. *See* Fed. R. Civ. P.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

12(b)(2) (allowing motion to dismiss for lack of personal jurisdiction).  Aviles also fails to state a claim against Intervet.  *See* Fed. R. Civ. P. 12(b)(6) (allowing motion to dismiss where plaintiff fails "to state a claim upon which relief can be granted").

# I.   AVILES FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH PERSONAL JURISDICTION OVER INTERVET

Aviles's nonexistent allegations of personal jurisdiction over Intervet require dismissal of Aviles's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). *See Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990) (ruling due process requires defendant to have minimum contacts with forum state and finding plaintiff failed to establish Court has personal jurisdiction over all defendants).

Aviles cannot satisfy his burden to establish the Court has general or specific personal jurisdiction over non-California Defendant Intervet.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (dismissing case for lack of personal jurisdiction and establishing federal courts may assert either "general, all-purpose jurisdiction" or specific jurisdiction to decide "issues deriving from, or connected with, the very controversy that establishes jurisdiction"); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (burdening plaintiff with "demonstrating that jurisdiction is appropriate" in response to motion to dismiss and dismissing claim because plaintiff failed to meet burden).

## A.   The Court Lacks General Jurisdiction Over Intervet

Aviles cannot establish the Court has general jurisdiction over Intervet because Intervet's activities in California are not alleged to be "so continuous and systematic as to render them essentially at home in the forum state" of California.  *Goodyear, S.A.*, 564 U.S. at 919.  A corporate defendant's activity in the forum ordinarily gives rise to general jurisdiction only if the defendant is incorporated or maintains its principal place of business in the forum.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (establishing a corporation is subject to general jurisdiction in the forum of its place of incorporation and principal place of business); *see also Martinez v. Aero*

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

*Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (affirming "demanding nature of standard" for general jurisdiction over corporation and adding "[o]nly in an 'exceptional case' will general jurisdiction be available anywhere else").

Aviles admits Intervet is not at home in California and, as such, there is no general jurisdiction over Intervet.  *See* Compl. ¶ 3.  The Complaint pleads Intervet is incorporated in Delaware (and not California) and acknowledges Intervet's principal place of business is in New Jersey (and not California).  *See* Compl. 1:14-15, ¶ 3; ECF No. 3; *Daimler AG*, 571 U.S. at 139 n.20 (stating a "corporation that operates in many places can scarcely be deemed at home in all of them"); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (affirming district court's finding of no general jurisdiction over defendant who was domiciled in Illinois and did not have continuous or systematic activities in California).  Aviles also does not otherwise allege that Intervet's purported operation of HomeAgain.com in "a forum other than its formal place of incorporation or principal place of business" is "so substantial and of such a nature as to render" Intervet "at home" in California.  *See Daimler AG*, 571 U.S. at 138 n.19; *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1226 (9th Cir. 2011) (finding "[o]peration of an interactive website—even a 'highly interactive' website—does not confer general jurisdiction").

### B.   The Court Lacks Specific Jurisdiction Over Intervet

Aviles's allegations do not establish specific jurisdiction over Intervet.  The Court has specific jurisdiction only if: (1) Intervet purposefully directed its purported CIPA violations to California; and (2) the exercise of specific jurisdiction over Intervet is reasonable.  *See Schwarzenegger*, 374 F.3d at 802 (placing burden on plaintiff to establish elements for specific jurisdiction and observing specific jurisdiction usually arises in the context of tort claims).

Initially, Aviles cannot meet his burden to establish specific jurisdiction because his jurisdictional allegations (or lack thereof) fail to meet his *Twombly/Iqbal* pleading burden.  Courts previously dismissed Aviles's counsel's copied-and-pasted

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

1   complaints with similar jurisdictional allegations for failure to meet plaintiff's

2   pleading burden to establish specific jurisdiction.  *See Licea v. Caraway Home Inc.*,

3   655 F. Supp. 3d 954, 970 n.6 (C.D. Cal. 2023) (observing Aviles's counsel's copy-

4   and-paste jurisdictional facts are "the epitome of what *Twombly* and *Iqbal* sought to

5   prevent").  Reusing cookie-cutter jurisdictional allegations like those asserted against

6   the 80-plus defendants accused of using pen registers by Aviles or his counsel is

7   insufficient to satisfy Aviles's burden to establish *Intervet* purposefully directed its

8   conduct at issue at the forum state.  *See Licea*, 655 F. Supp. 3d at 970 (dismissing

9   action filed by Aviles's counsel because plaintiff failed to meet personal jurisdiction

10  burden); *compare* RJN, Ex. 7 ¶ 2 (alleging personal jurisdiction over non-California

11  defendant because "Plaintiff believes that Defendant generates a minimum of eight

12  percent of revenues from its website based upon interactions with Californians"), *with*

13  Compl. ¶ 2, ("Plaintiff believes that Defendant generates a minimum of eight percent

14  of revenues from its website based upon interactions with Californians.").  Aviles's

15  failure to allege how Intervet specifically targeted its purported pen register to

16  California (as opposed to generic template allegations made against all 80-plus

17  defendants) demonstrates there is no basis to assert specific jurisdiction over Intervet.

18          Aviles fails to meet his burden to establish that Intervet purposefully directed its

19  purported pen register to California.  To wit:

20          •   *A purported CIPA violation is insufficient to establish purposeful*

21  *direction of conduct to California.*  Aviles claims the Court has personal jurisdiction

22  over Intervet because Aviles generally accuses Intervet of violating CIPA (Compl.

23  ¶ 2), but a purported CIPA violation alone without factual allegations showing

24  purposeful direction of the purported violation to California is insufficient to establish

25  specific jurisdiction.  *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 838 (N.D. Cal.

26  2021) (finding no specific personal jurisdiction over website for CIPA claim where

27  website contracted with a vendor and all jurisdictional allegations were premised on

28  vendor's conduct); *Massie v. Gen. Motors Co.*, 2021 WL 2142728, at *4 (E.D. Cal.

71179548

7

May 26, 2021) (finding claim that the installation of session replay software and the purported interception of chat messages could not establish the conduct was expressly aimed at California).

- *Alleged operation of a website without more does not establish purposeful direction of conduct to California.*  Aviles's allegation that the HomeAgain.com website is accessible in California is insufficient to establish Intervet purposefully targeted Californians with HomeAgain.com.  *See* Compl. ¶ 2; *Briskin v. Shopify, Inc.*, 87 F.4th 404, 419-20 (9th Cir. 2023) (dismissing claim for plaintiff's failure to allege a "forum-specific focus"); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) ("[A]n internet domain name and passive website alone are not 'something more,' and, therefore, alone are not enough to subject a party to jurisdiction.").  An Intervet website that can be accessed from California does not establish Intervet purposefully directed its purported CIPA activities at California. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) (holding fact "anyone, anywhere could access" defendant's website is insufficient to show defendant purposefully directed its conduct to the forum state); *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 874-75 (N.D. Cal. 2012) (finding plaintiffs did not "make a prima facie showing that defendant expressly aimed his conduct at California" because plaintiffs failed to show defendant's website "anticipated, desired, and achieved a substantial California viewer base").

- *Alleged revenue in California is insufficient to establish purposeful direction where the revenue is unrelated to forum-specific conduct.*  Aviles's allegation that Intervet generates revenue in California through HomeAgain.com is unrelated and not sufficient to establish Intervet purposefully targeted California by the alleged CIPA conduct.  *See* Compl. ¶ 2; *Schwarzenegger*, 374 F.3d at 802 (requiring claim to arise "out of or relate[] to the defendant's forum-related activities"); *Facebook, Inc. v. Pedersen*, 868 F. Supp. 2d 953, 959 (N.D. Cal. 2012) (holding plaintiff failed to show defendant aimed conduct at California because

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

plaintiff "did not establish that [defendant's website] users in California were an integral component of [defendant's] business model and profitability").

Aviles also fails to show that exercise of specific jurisdiction over non-California defendant Intervet is reasonable. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (ruling purposeful direction test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts"). One Court dismissed a CIPA case related to purported use of session replay technology because the CIPA allegations were insufficient to establish it was reasonable to exercise specific jurisdiction over an out-of-state defendant. *See Daghaly v. Bloomingdales.com, LLC*, — F. Supp. 3d —, 2023 WL 6538382, at *3 (S.D. Cal. Oct. 6, 2023) (finding allegations regarding use of tool developed in California insufficient to establish minimum contacts with California). None of Aviles's generic allegations – the same allegations asserted against 80-plus other defendants – satisfy Aviles's burden to establish that Intervet engaged sufficient to establish specific jurisdiction. *See Licea*, 655 F. Supp. 3d at 970 (finding jurisdictional allegations copied-and-pasted and used against numerous defendants are insufficient to meet burden).

## II.   AVILES FAILS TO STATE ANY CLAIM AGAINST INTERVET

Aviles's Complaint should be dismissed because Aviles does not plead any claim against Intervet. *See* Fed. R. Civ. P. 12(b)(6). Aviles's Complaint must state factual allegations sufficient "to raise a right to relief above the speculative level" and plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Aviles's copy-and-paste CIPA claim with zero allegations about Intervet's allegedly wrongful conduct comes nowhere close to satisfying his pleading burden. Aviles does not: (1) plausibly plead facts to establish a claim under California Penal

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

Code Section 638.51; (2) allege he was harmed by the alleged conduct; or (3) state sufficient allegations to support his claims for punitive damages.  Moreover, the *Greenley v. Kochava, Inc.* out-of-district ruling relied on by Aviles does not support his invented claim against Intervet.

### A.   Aviles's Generic, Copy-And-Paste Allegations Do Not State A Claim

Aviles's single cause of action should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because Aviles fails to meet the Federal Rule of Civil Procedure 8 pleading standard and to plead the required elements of his purported claim.

### 1.   Aviles's Copy-And-Paste Complaint Violates The *Twombly/Iqbal* Pleading Standard

Aviles's use of a generic pleading template without a single allegation about *Intervet* blatantly violates federal pleading rules.  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Two seminal United States Supreme Court cases – *Twombly* and *Iqbal* – explain Rule 8's requirement.  The *Twombly* Court ruled a plaintiff must provide more than labels, conclusions, and formulaic recitations of the elements, or speculative factual allegations to survive a motion to dismiss.  *See* 550 U.S. at 555 (finding further factual enhancement is required to meet plausibility requirement).  The *Iqbal* Court subsequently held that a formulaic recitation of the elements of a claim are not enough to survive a motion to dismiss.  556 U.S. at 678 (holding complaint cannot survive if it offers no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Aviles fails to satisfy the Rule 8 standards for pleading because the template Complaint does not contain any allegations about Intervet (as opposed to generic propositions).  Aviles relies on a template complaint that Aviles and his counsel filed against over 80 other defendants.  *See Valenzuela v. Keurig Green Mountain, Inc.*, — F. Supp. 3d —, 2023 WL 3707181, at *5 (N.D. Cal. May 24, 2023) (finding

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

speculative recitation of elements of CIPA claim fails to meet *Twombly* pleading standard).  Judge Bernal reviewed a similar complaint filed by Aviles's counsel and found "if a litigant pleads at such a high level of generality that it is possible to copy and paste a complaint word-for-word against a new defendant . . . , then almost by definition he is pleading without the factual specificity necessary to state a claim for relief." *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1060-61 (C.D. Cal. 2023). Aviles's Complaint is doomed to the same result because Aviles cannot state a claim when his complaint lacks any allegations specific to Intervet.  *See Licea*, 655 F. Supp. 3d at 970 n.6 (cautioning "[i]f Plaintiff chooses to file an amended complaint, he should take the opportunity to plead specific facts as to what [defendant] and an (unnamed) third party has done, not just generic allegations copied and pasted from other lawsuits").  Aviles cannot rely on generic propositions made against copious other defendants to avoid his foundational pleading obligations to state a claim against *Intervet* based on *Intervet's* specific purported conduct.  *See Iqbal*, 556 U.S. at 678 (providing "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Aviles also fails to satisfy his pleading burden as articulated in *Twombly* and *Iqbal* because Aviles regurgitates the legal elements of a pen register claim and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough.  *Iqbal*, 556 U.S. at 678; *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (holding allegations in complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and . . . enable the opposing party to defend itself effectively," and "allegations that are taken as true must plausibly suggest an entitlement to relief").  For example, California Penal Code Section 638.51 provides that "a person may not install or use a pen register . . . without first obtaining a court order."  Cal. Pen. Code § 638.51.  Aviles then claims Intervet "knowingly and

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

criminally deployed pen register software to access Plaintiff's device, install tracking software, and obtain Plaintiff's IP address." Compl. ¶ 25.  Aviles does not provide any factual allegations to plausibly support his accusation and instead parrots the text of the statute.  *See generally* Compl.; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009) (finding "bald allegation . . . standing alone, is conclusory and is therefore not entitled to an assumption of truth").  Aviles repeats the legal standard for each additional element of the claim without providing any factual allegations to convert the claim from a bald accusation to a plausible cause of action.  *See Twombly*, 550 U.S. at 546 (dismissing claim because "without further factual enhancement it stops short of the line between possibility and plausibility").  Aviles's Complaint "is the epitome of what *Twombly* and *Iqbal* sought to prevent" and should be dismissed. *See Licea*, 655 F. Supp. 3d at 970.

### 2.   Aviles Does Not Plead That Intervet Uses A Pen Register

Aviles improperly refuses to identify in his Complaint what software or code he believes Intervet allegedly used in violation of the pen register provision of CIPA. *See* Compl. ¶ 16 ("In response to an appropriate request, Plaintiff will share with Defendant proof of the deployment and activity of the pen register.").  The Complaint's failure to provide the critical factual allegation of what code purportedly violates CIPA warrants dismissal for failure to provide the notice required under *Twombly*.  *See Bell Atl. Corp.*, 550 U.S. at 555 (requiring pleading to give defendant fair notice of the claim).

As a result, Aviles also fails to plead the required element that the code allegedly used on the HomeAgain.com website constitutes a "pen register."  *See generally* Compl.  Aviles's CIPA claim requires (among other things) allegations that Intervet: (1) used a pen register; (2) without a court order.  *See* Cal. Pen. Code § 638.50(b) (defining "pen register"); Cal. Pen. Code § 638.51(a) (stating "a person may not install or use a pen register . . . without first obtaining a court order").

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

Aviles parrots the generic definition of "pen register" as set forth in California Penal Code Section 638.50 but fails to allege the unidentified software Intervet allegedly deployed meets the statutory definition of a pen register.  *See Iqbal*, 556 U.S. at 678 (requiring complaint to state more than "a formulaic recitation of the elements of a cause of action"); *compare* Compl. ¶ 16 (alleging Intervet "deployed 'pen register' software" that "decode[s] routing, addressing, and signaling information to obtain the IP address of each visitor"), *with* Cal. Penal Code § 638.50 (defining "pen register" as "a device or process that . . . decodes dialing, routing, addressing, or signaling information").  Aviles's discussion regarding "pen register software" in the abstract does not plead (much less plausibly plead) the necessary element that the technology alleged constitutes a pen register.  *See* Compl. ¶¶ 9-15; *see also Iqbal*, 556 U.S. at 678 (providing a complaint must offer more than "labels and conclusions").

**B.      Aviles, A "Tester" Plaintiff, Does Not Allege He Was Harmed By The Alleged Conduct**

Aviles's CIPA claim must be dismissed because Aviles does not allege facts showing Intervet's purported conduct caused him any injury.  *See generally* Compl. Aviles's sole assertion referencing a vague purported injury is inadequate because: (1) it is a conclusory statement and not a *factual* allegation; and (2) Aviles does not allege Intervet caused the purported injury.  *See* Compl. ¶ 26 ("Plaintiff suffered both an economic injury and an intangible injury to Plaintiff's dignity caused by the violation of Plaintiff's right to privacy."); *Iqbal*, 556 U.S. at 678 (providing a complaint stating no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" cannot withstand a motion to dismiss).

CIPA requires Aviles to allege facts showing Intervet's purported CIPA violation caused an injury to Aviles.  *See* Cal. Pen. Code § 637.2(a) (establishing requirements for civil CIPA claim).  California Penal Code Section 637.2(a) permits a "person who has been *injured*" by a CIPA violation to "bring an action against the person who committed the violation."  *Id.* (emphasis added).  The plain language of

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

CIPA's private action provision – that "any person who has been *injured by* a violation of this chapter may bring an action against the person who committed the violation" – precludes a claim based on strict liability.  *See* Cal. Pen. Code § 637.2 (emphasis added); *see also Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 650 (9th Cir. 2016) (noting a court "first looks to the language of the statute, giving effect to the words' plain meaning" and if "the language is unambiguous, the plain meaning controls" when interpreting statutes under California law).  Aviles must allege injury even if he is not required to allege actual damages.  *See Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 522 (C.D. Cal. 2021) (finding complaint deficient because plaintiff failed to allege injury from software that recorded keystrokes on website).

Aviles fails to allege the necessary element of injury and therefore fails to state a CIPA claim.  *See, e.g.*, Compl. ¶ 26 ("Plaintiff suffered both an economic injury and an intangible injury to Plaintiff's dignity caused by the violation of Plaintiff's right to privacy."); *see also Twombly*, 550 U.S. at 555 (requiring more than a "formulaic recitation of elements" to satisfy pleading requirements).  Aviles only recites the legal standard without including a single fact describing the injury he suffered because of Intervet's purported use of a pen register.  *See generally* Compl.  Aviles's barebones recitation fails to meet his pleading burden because the other 80-plus pending complaints contain similar barebones recitations of injury.  *See Byars*, 656 F. Supp. 3d at 1060-61 (finding plaintiff fails to meet *Twombly* pleading standard if plaintiff "pleads at such a high level of generality that it is possible to copy and paste a complaint word-for-word against a new defendant"); RJN, Exs. 7-10.  Aviles also fails to provide a plausible explanation for how he could suffer injury given he is a "tester" plaintiff who intentionally sought out HomeAgain.com to look for an alleged CIPA violation.  *See* Compl. ¶ 4.

## C.  Aviles Fails To State A Claim For Punitive Damages

Aviles's punitive damages request should be dismissed because it fails to meet the pleading standards articulated in *Twombly* and *Iqbal*.  *See Bouncing Angels, Inc. v.*

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

*Burlington Ins. Co.*, 2017 WL 1294004, at *4 (C.D. Cal. March 20, 2017) (dismissing plaintiff's claim for punitive damages where allegations of malice, oppression, or fraudulent intent lacked sufficient factual detail to "satisfy the requirements of *Twombly* and *Iqbal*"); *see also McCalip v. TED Confs., LLC*, 690 F. App'x 944, 945 (9th Cir. 2017) (affirming district court's ruling to dismiss punitive damages claim for failure to plead facts demonstrating malice, oppression, or fraud).

Aviles's claim for punitive damages under California Civil Code Section 3294 contains factual allegations about any Intervet conduct (much less conduct that would support an award of punitive damages). *Compare* Compl. ¶ 27 ("By knowingly violating a criminal statute and illegally accessing Plaintiff's device to install tracking software, Defendant acted with oppression and malice.  As such, Defendant is liable for punitive damages pursuant to Civil Code section 3294."), *with* Cal. Civ. Code § 3294 (establishing "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff . . . may recover damages for the sake of example and by way of punishing the defendant").  Aviles cannot recite the elements of a claim for punitive damages to survive a motion to dismiss.  *See Diaz v. Bank of Am. Home Loan Serv., L.P.*, 2011 WL 13046844, at *5 (C.D. Cal. July 8, 2011) (dismissing punitive damages from complaint and ruling "[t]he inclusion of statutory language in a Complaint without alleging corresponding *facts* cannot lift an insufficiently pleaded complaint over the *Iqbal* and *Twombly* hurdles").

Aviles's claim for punitive damages fails to clear the *Twombly*/*Iqbal* pleading threshold because the Complaint does not allege facts to establish Intervet engaged in malicious conduct.  *Compare* Compl. ¶ 27, *with* RJN, Exs. 7-10 (showing other cases make similar punitive damages claims and the Complaint has no allegations about Intervet specifically).  The Complaint does not allege sufficient facts to plead the elements for punitive damages against *Intervet* when the same allegations are made against more than 80 other defendants.  *See Byars*, 656 F. Supp. 3d at 1060-61

(finding copy-and-paste complaints are "almost by definition . . . without the factual specificity necessary to state a claim for relief").

**D.      The Southern District Of California's _Greenley_ Ruling Does Not Support Aviles's Invented Cause Of Action Against Intervet**

Aviles relies on an out-of-district motion to dismiss ruling that allowed a sliver of that plaintiff's privacy claims relating to whether a data broker's practices constitute a pen register to move forward.  *See* Compl. ¶ 15, 17 (citing *Greenley v. Kochava, Inc.*, — F. Supp. 3d —, 2023 WL 4833466 (S.D. Cal. July 27, 2023)).  But, that out-of-district, factually distinct ruling neither supports nor saves Aviles's claim.

The background in *Greenley* is far different than this case.  In *Greenley*, plaintiff filed a detailed 54-page complaint with 239 paragraphs of factual allegations against a data-broker defendant (as opposed to Aviles's sparse cookie-cutter Complaint against a company that is obviously not a data broker).  *Greenley*, 2023 WL 4833466, at *1; RJN, Ex. 1.  Plaintiff alleged Kochava developed and provided software for app developers in exchange for app developers allowing Kochava to intercept and sell app users' location data.  *See Greenley*, 2023 WL 4833466, at *1.  The suit arose after the Federal Trade Commission pursued claims against Kochava for allegedly selling data about consumers' visits to "sensitive locations" like health care facilities.  *See id.* at *2; *Fed. Trade Comm'n v. Kochava, Inc.*, — F. Supp. 3d —, 2023 WL 3249809, at *9 (D. Idaho May 4, 2023) (dismissing FTC's complaint against Kochava for failure to plead harm).

The *Greenley* ruling did not find plaintiff's claims have merit or create a new theory of liability under California law.  *See Greenley*, 2023 WL 4833466, at *17-19.  Instead, that judge: (1) granted Kochava's motion to dismiss as to many of the asserted claims; and (2) denied Kochava's motion to dismiss as to certain claims including a claim under California Penal Code Section 638.51.  *See id.* at *15.  The *Greenley* judge noted the 239-paragraph complaint with extensive factual allegations

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

against Kochava was "enough to survive the Motion to Dismiss" for certain claims. *Id.* at \*16.  No other courts have adopted the *Greenley* holding.

*Greenley* is inapposite and does not support a CIPA claim against Intervet. Aviles's cut-and-paste Complaint does not allege Intervet is a data broker and claims Intervet is in the unrelated business of "sell[ing] pet services."  *Compare* Compl. ¶ 5 (claiming Intervet is a pet services company), *with Greenley*, 2023 WL 4833466, at \*1 (describing Kochava as a data broker).  Aviles does not allege Intervet is performing identity resolution, developing pen register code, or selling consumer data.  *Compare* Compl. (containing no allegations that pet services company Intervet is data business), *with Greenley*, 2023 WL 4833466, at \*1 (explaining Kochava's business is creating software for app developers).  Nor would such a claim be plausible given Intervet is a pet company and HomeAgain.com is a website for pet reunification services.  *See* Compl. ¶ 5.  Additionally, Aviles's template Complaint is vastly different from the 54-page, 239-paragraph complaint in *Greenley*.  *Compare* Compl. (providing generic allegations without any specific allegations against Intervet), *with* RJN, Ex. 1. *Greenley* does not stand for the proposition that there is a viable cause of action under California Penal Code Section 638.51 against a pet services company that is not in the software or data business, and citing to *Greenley* in a complaint cannot create a new cause of action where none otherwise exists.

## CONCLUSION

For the foregoing reasons, Intervet respectfully requests the Court enter an Order dismissing Aviles's Complaint with prejudice.

Dated:     February 23, 2024        **WILLKIE FARR & GALLAGHER LLP**

By:     */s/ Eric J. Bakewell*
Eric J. Bakewell
Benita S. Yu
Sam R. Santopoalo
Emily Horak

*Attorneys for Defendant Intervet Inc.*

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

## **WORD COUNT CERTIFICATION**

The undersigned, counsel of record for Intervet Inc., certifies that this brief contains 5,545 words, which complies with the word limit set by court order dated January 9, 2024 (*see* Standing Order, ECF No. 11).

Dated:     February 23, 2024      **WILLKIE FARR & GALLAGHER LLP**

By:     */s/ Eric J. Bakewell*
Eric J. Bakewell

*Attorneys for Defendant Intervet Inc.*

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000